**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                        CASE NO. 3:06-cv-222-J-TEM

DIETER H. KLOHN,

    Defendant.

_____

## **O R D E R**

This matter is before the Court on Defendant Dieter Klohn's ("Klohn") Second Motion for Partial Summary Judgment (Doc. #63), Plaintiff United States of America's (the "United States") response in opposition thereto and Cross Motion for Partial Summary Judgment (Doc. #68), Klohn's response in opposition to the United States' Cross Motion for Partial Summary Judgment (Doc. #69), and Klohn's Motion for Leave to File Third Amended Answer and Counterclaim (Doc. #75).[1]

Presently, the parties both move the Court to enter judgment in their favor on the sole remaining issue following entry of the March 11, 2008 Order on the parties' original cross motions for summary judgment (Doc. #48).[2] Specifically, after said Order was entered, the Court granted the parties leave to file additional briefs regarding the last

---

[1]Pursuant to Court Order (Doc. #71), the parties filed supplemental briefs regarding the issues raised in their respective motions for partial summary judgment (*see* Docs. #73, #74).

[2]In the interest of judicial economy, the facts as set forth in the March 11, 2008 Order (Doc. #48) shall be incorporated by reference herein.

remaining issue–whether the United States must apply all payments made by Klohn toward the invalid Trust Fund Recovery Penalties for the tax period ending September 30, 1991 ("1991 TFRP assessments") to the valid Trust Fund Recovery Penalty for the taxable period ended March 31, 1992 ("1992 TFRP assessment")–as opposed to only applying the payments made by Klohn within two years of the date Klohn filed his administrative claim for refund.[3]

A hearing on this matter was held before the undersigned on February 20, 2009 (Doc. #76, Minutes).[4] After hearing argument from the parties, and for the reasons stated herein, Klohn's Second Motion for Partial Summary Judgment (Doc. #63) is **DENIED**, Klohn's Motion for Leave to File Third Amended Answer and Counterclaim (Doc. #75) is **DENIED as futile**, and the United States' Cross Motion for Partial Summary Judgment (Doc. #68) is **GRANTED**.

## I. Background

This is an action by the United States seeking to reduce various federal tax liabilities to judgment. In its complaint, the United States alleged that Klohn was liable to the United States for the following taxes: (1) 1991 TFRP assessments; (2) 1992 TFRP assessment; (3) income tax liabilities for 1987; and (4) income tax liabilities for 1988 (Doc. #1). Klohn denied that he was liable for the aforementioned taxes and filed a counterclaim seeking to require the Internal Revenue Service ("IRS") to apply all payments made toward the invalid

---

[3]For a refund action to be maintained where, as here, no tax return was required to be filed, the taxpayer must bring suit within two years from the time the tax was paid. 26 U.S.C. § 6511(a).

[4]The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

1991 TFRP assessments to the valid 1992 TFRP assessment (*see* Doc. #18).

The parties previously filed cross motions for summary judgment with respect to all of the tax liabilities in dispute (Docs. #23 and #27). In the Court's prior summary judgment Order (Doc. #48), the Court ruled in favor of Klohn on the 1991 TFRP assessments, finding those assessments were made in violation of Klohn's automatic bankruptcy stay (Doc. #48 at 13-15). The Court, however, granted judgment in favor of the United States on the 1992 TFRP assessment, but ruled that genuine issues of material fact precluded a final determination as to the 1987 and 1988 income tax liabilities (Doc. #48 at 6-13, 15-17).

In order for Klohn to cure a jurisdictional defect related to his counterclaim,[5] the Court also granted Klohn leave to amend his counterclaim to allege that he filed an administrative claim for refund after the action had been commenced (*see* Doc. #48 at 17). Subsequent to the entry of the Court's prior summary judgment Order (Doc. #48), the United States conceded its 1987 and 1988 income tax claims (*see* Doc. #67 at 2). As a result, Klohn's income tax liabilities for those years are no longer at issue.

In accordance with the agreement of the parties, the Court issued a briefing schedule so that the sole remaining issue (Klohn's counterclaim for refund) could be resolved by dispositive motion (*see* Doc. #58). On July 11, 2008, the IRS moved credits in the amount of $34,432.32 from the 1991 TFRP assessments to the 1992 TFRP assessment (Doc. #68 at 2).

---

[5] A refund action cannot be commenced until six months after submission of an administrative claim for refund, unless the administrative claim for refund claim is denied prior to that time by the IRS. "No suit or proceeding under [Title 26, United States Code,] Section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expirations of 6 months from the date of filing the [administrative refund] claim unless the Secretary renders a decision therein within [such] time. . . ." 26 U.S.C. § 6532(a)(1).

Said credit represents 52 payments of $662.16 that had been applied to the invalid 1991 TFRP assessments from May 16, 2005 through June 20, 2006–the period within two years of Klohn filing his administrative refund claim (Doc. #67 at 2; *see also* Doc. #23-11 at 14-20, Certificates of Assessments and Payments). Klohn, however, seeks a refund of all monies collected by the IRS that were applied to the 1991 TFRP assessments. Thus, Klohn seeks re-application of $27,218.68–which is the amount the United States has refused to refund Klohn because this amount represents funds that were collected more than two years from the date Klohn filed his administrative claim for refund.

## II. Standard of Review

Summary judgment is appropriate only when a court is satisfied "that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (2007). The Court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The burden of establishing the absence of a genuine issue is on the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Federal Rule of Civil Procedure 56(e) provides in relevant part:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2).

The party moving for summary judgment bears the initial burden of demonstrating to the court "by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). A court "must draw all reasonable inferences in favor of the non-moving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149-50 (2000) (discussing standard for granting judgment as a matter of law under Fed. R. Civ. P. 50, which mirrors the standard for granting summary judgment under Rule 56); *Hinson v. Clinch County Bd. of Educ.*, 231 F.3d 821, 826-27 (11th Cir. 2000). The Court considers the entire record, but must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151; *Hinson*, 231 F.3d at 827.

Once the moving party has met its burden, the burden shifts to the non-moving party to show that there is a material issue of fact that precludes summary judgment. *Clark*, 929 F.2d at 608. The non-moving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts, through affidavits or other forms of evidence provided for by the rules. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he inquiry is. . .whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 266 (Brennan, J., *dissenting*).

A genuine issue of material fact exists where there is sufficient evidence favoring the non-moving party for a reasonable jury to return a verdict in its favor. *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir.1995); *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991) (*en banc*). As the Supreme Court has stated, "where the

record taken as a whole could not lead a rational fact-finder to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Ration Corp.*, 475 U.S. 574, 587 (1986) (*internal citations and quotations omitted*).

Furthermore, in deciding a motion for summary judgment, all the evidence and the inferences from the underlying facts must be viewed in the light most favorable to the non-moving party. *Early v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).

### III. Discussion

Pursuant to the counterclaim, Klohn seeks a refund of the remaining balance of $27,218.68 that was improperly collected by the IRS and applied to the invalid 1991 TFRP assessments. This amount includes: (1) various overpayment tax credits that were applied to the invalid 1991 TFRP assessments; (2) various voluntary payments made by Klohn; and (3) various wages garnished by the IRS (Doc. #26-15 at 2-5). Presently, Klohn requests that the improperly collected $27,218.68 be re-applied to the valid 1992 TFRP assessment (Doc. #63 at 4).

To date, the IRS has credited to the valid 1992 TFRP assessment a total of $34,432.32 (Doc. #68 at 2). This amount represents 52 payments of $662.16 that the IRS garnished from Klohn's wages between May 16, 2005 through June 20, 2006. Said time frame encompasses the amounts garnished from Klohn's wages within two years from the date Klohn filed his administrative claim for refund.[6] Thus, at issue is the remaining $27,218.68 that was improperly collected by the IRS, but which falls outside the two year statute of limitations period that applies to tax refund claims. *See* 26 U.S.C. § 6511(a).

---

[6]June 20, 2006 was the last date upon which the IRS garnished $662.16 from Klohn's wages (Doc. #23-11 at 20).

A suit seeking a refund of taxes can only be maintained against the United States in accordance with the waiver of sovereign immunity contained in Title 26, Internal Revenue Code, Section 7422, which provides that an administrative claim for refund must be filed before a suit for refund is commenced. Section 7422 states, in pertinent part, as follows:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected. . . until a claim for refund or credit has been duly filed with the [IRS] Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

Once a timely administrative claim for refund is filed, a refund action cannot be commenced for six months after submission of the claim, unless that claim is denied prior to that time by the IRS. "No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expirations of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision therein within the time. . . ." 26 U.S.C. § 6532(a)(1).

At the time Klohn lodged his counterclaim, Klohn had not yet filed an administrative claim for refund. Klohn, however, subsequently filed an administrative claim for refund on May 10, 2007 in order to cure said jurisdictional defect. Since more than six months has elapsed from the time Klohn filed his administrative claim for refund, and since Klohn avers the IRS refuses to refund him $27,218.68, the Court finds Klohn has both exhausted his administrative remedies and cured the aforementioned jurisdictional defect related to his counterclaim.

Nevertheless, a tax refund action such as Klohn's is subject to a statute of limitations period of two years. Specifically, Title 26, United States Code, Section 6511(a) provides,

in pertinent part, as follows:

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

26 U.S.C. § 6511(a).

Here, the aforementioned two year statute of limitations period is applicable to Klohn's refund claim because Klohn was not required to file a tax return–he merely paid toward the invalid tax liabilities at issue. Klohn, however, attempts to argue that, under the facts of this case, "no overpayment [was made by Klohn] until it was determined [by this Court that] the [1991 TFRP] assessment[s] [were] not valid." (Doc. #63 at 5). Klohn further argues that "[i]f this were a legitimately assessed debt, then Defendant Klohn would arguably be limited to his normal 2 year statute of limitations for seeking an overpayment under 26 U.S.C. § 6511(a)" (Doc. #63 at 5). These arguments, however, fail for the reasons that follow.

First, Klohn has cited no authority to support either argument, and the case law actually supports a contrary conclusion. To illustrate, the Eleventh Circuit stated in *Wachovia Bank, N.A. v. United States of America*,

> In interpreting 28 U.S.C. § 1346(a)(1), which confers jurisdiction on a district court to entertain civil actions against the government for the recovery of any internal-revenue tax *alleged* to have been *erroneously or illegally assessed or collected*, the Supreme Court has explained that the scope of § 1346(a)(1) is limited by other provisions of the Tax Code. The Court has stated that [26 U.S.C.] § 7422(a) provides that an administrative claim must be duly filed before a taxpayer has the right to bring a refund suit, *and [26 U.S.C.] § 6511(a) sets a limitations period on a taxpayer's right to bring that suit.*

455 F.3d 1261, 1268 (11th Cir. 2006) (*internal quotations and citations omitted*) (*emphasis*

*added*).  Title 28, United States Code, Section 1346(a)(1) confers jurisdiction upon a district court to entertain civil actions against the government for the recovery of any tax alleged to have been erroneously or illegally assessed or collected.  28 U.S.C. § 1346(a)(1).  Said code provision does not require that a disputed tax liability first be adjudicated illegally assessed before a refund action may be commenced.  *See* 28 U.S.C. § 1346(a)(1).

Further, Title 26, United States Code, Section 6402(a) provides: "In the case of any overpayment, the Secretary, *within the applicable period of limitations* [which is two years under the facts of this case], may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment. . . ."  26 U.S.C. § 6402(a) (*emphasis added*).

Klohn's argument that no overpayment was made until the Court ruled upon the validity of the 1991 TFRP assessments is imaginative; however, Klohn cannot ask the Court to treat his tax payments toward the 1991 TFRP assessments as having never been made.  Section 6511(a) provides that, if no return is filed by the taxpayer, no refund will be allowed after two years *from the time the tax was paid*.  26 U.S.C. § 6511(a) (*emphasis added*).  Section 6511(a) does not state that a refund suit must be brought within two years after a questionable tax liability has been adjudicated illegally assessed or otherwise improperly collected.  *See* 26 U.S.C. § 6511(a).

Lastly, Section 7422(a) specifically contemplates "recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected."  26 U.S.C. § 7422(a).  As evident on the face of the statute, Section 7422(a) does not apply exclusively to legitimately assessed–yet erroneously collected–tax debts.

9

Here, the IRS transcripts show that payments in the amount of $34,432.32 were made within two years of the administrative claim for refund, filed May 10, 2007 (Doc. #23-11, Certificates of Assessments and Payments). These payments have already been moved and credited to Klohn's 1992 TFRP responsible person tax liability. Therefore, to the extent Klohn seeks re-application of payments made more than two years prior to the filing of the administrative claim for refund (*i.e.* $27,218.68), his claim is time-barred pursuant to the two year statute of limitations period prescribed by Title 26, United States Code, Section 6511(a).

Based on the foregoing, Klohn's Second Motion for Partial Summary Judgment (Doc. #63) shall be denied.

Klohn, additionally moves the Court for leave to file a third amended answer and counterclaim (Doc. #75). In the instant motion (Doc. #75), Klohn seeks to amend his counterclaim for a third time so that he may assert two alternative theories of recovery in support of his counterclaim (Doc. #75 at 2). Specifically, Klohn desires that his counterclaim also be predicated upon Title 11, United States Code, Sections 362(a) (violation of automatic bankruptcy stay) and 524(a) (violation of bankruptcy discharge permanent injunction) (Doc. #75 at 2). Klohn's motion (Doc. #75), however, shall be denied as futile for the reasons that follow.

Although Section 362(k)[7] provides for recovery of civil damages caused by a willful violation of Section 362(a), such claims must be brought within six years from the date the claim first accrues. *See Climer v. I.R.S.*, No. 98-50363, 1998 WL 915374 at *2 (5th Cir.

---

[7]Section 362(k) was formerly Section 362(h).

Dec. 21, 1998) (finding, "[a]lthough section 362(h) has no express statute of limitations, [Title 28, United States Code] Section 2401 permits suit against the United States only within six years from the date a right of action first accrues").[8]

In response to a specific inquiry by the Court, Klohn stated,

> Klohn's position is that his claim for any willful violation of the Automatic Stay for the assessments accrued precisely at the time of the assessments, which were made on October 5 and 12, 1992. The violations were ongoing until the Automatic Stay was terminated by the Discharge of Debtor on April 7, 1995. 11 U.S.C. § 362(c)(2(C). At this point, Defendant Klohn had a claim for willful violation of the permanent injunction under 11 U.S.C. § 524(a).

(Doc. #74 at 6).

Klohn's proposed theory of recovery under Section 362(k) would be futile because such a claim is now time-barred. To illustrate, if Klohn's claim accrued in October 1992 (or even if it accrued on April 7, 1995, which is the date the Automatic Stay was terminated by the Discharge of Debtor), Klohn's counterclaim, dated February 27, 2007, is well beyond the six year statute of limitations period. In *Climer,* the Fifth Circuit Court of Appeals found the plaintiff's claims related to the IRS's violation of the plaintiff's automatic bankruptcy stay accrued when the assessments were made and, therefore, the plaintiff's claims were time-barred because more than six years had elapsed since the taxes were assessed. 1998 WL 915374 at *2. Accordingly, since Klohn's Section 362(k) claim accrued approximately twelve years prior to the filing of his counterclaim, the undersigned finds the addition of said claim would be futile because the claim would be time-barred.

---

[8]Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

Regarding Klohn's proposed claim for recovery under Section 524(a), the undersigned also finds the addition of said claim would be futile. To illustrate, Section 524 of the Bankruptcy Code provides that a discharge operates as an injunction against actions to collect upon discharged debts. *See* 11 U.S.C. § 524(a). Trust Fund Recovery Penalties, however, are non-dischargeable debts. *See* 11 U.S.C. § 523(a)(7). Since the IRS did not improperly collect upon a debt that was discharged through Klohn's bankruptcy, it did not violate Klohn's bankruptcy discharge permanent injunction under Section 524(a). *See Ward v. I.R.S.*, No. 01-00753, 2002 WL 31060642 at *4 (W.D. Va. July 24, 2002) (finding the IRS did not violate Section 524 when it collected on several void tax assessments that were made in violation of an automatic bankruptcy stay because the assessed tax debts were non-dischargeable debts).

Accordingly, it would be futile to permit Klohn to amend his counterclaim to include a theory of recovery pursuant to Section 524 because the IRS never collected upon a discharged debt.

Based on the foregoing, the sole remaining issue has been resolved in favor of the United States; therefore, the United States' Cross Motion for Partial Summary Judgment (Doc. #68) shall be granted.

### IV. Conclusion

Upon due consideration, it is hereby **ORDERED**:

1. Defendant Dieter Klohn's Second Motion for Partial Summary Judgment (Doc. #63) is **DENIED**.

2. Defendant Klohn's Motion for Leave to File Third Amended Answer and

Counterclaim (Doc. #75) is **DENIED as futile**.

3. Plaintiff United States of America's Cross Motion for Partial Summary Judgment (Doc. #68) is **GRANTED**.

4. The **Clerk shall withhold judgment** until further order of the Court.

5. Since certain monies have been re-allocated to the Trust Fund Recovery Penalty for the tax period ending on March 31, 1992, **the United States shall update the amount it claims Klohn continues to owe pursuant to the validly assessed 1992 TFRP assessment**. The Court requires an updated amount so that it may enter a correct Final Order and Judgment.

6 The **United States shall submit** the aforementioned **updated amount** to the Court **by close of business on March 19, 2009**.

7. **Defendant Dieter Klohn shall have until March 26, 2009 to respond** to said submission by the United States.

8. **Each party shall bear its own costs and attorney's fees**.

**DONE AND ORDERED** at Jacksonville, Florida this  3rd   day of March, 2009.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge