**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                               CASE NO. 3:06-cv-222-J-TEM

DIETER H. KLOHN,

    Defendant.

_____

## O R D E R

This matter is before the Court on Defendant Dieter Klohn's ("Defendant") motion for reconsideration or relief from judgment from the Court's March 31, 2009 Final Order and Judgment (Doc. #81) and his motion for administrative costs and attorney's fees (Doc. #84). Plaintiff, the United States, has filed responses in opposition to said motions (Docs. #86 and #87). For the reasons stated herein, Defendant's motion for reconsideration shall be granted and his motion for administrative costs and attorney's fees shall be denied without prejudice, with leave to refile.

By way of background, this is an action by the United States seeking to reduce federal tax liabilities to judgment. In its complaint, the United States alleged that Defendant was liable for: (1) responsible person penalty for the period ending September 30, 1991; (2) responsible person penalty for the period ending March 31, 1992; (3) income tax for 1987; and (4) income tax for 1988 (Doc. #1).

In his both his original counterclaim (Doc. #18 at 3-4) and his amended counterclaim (Doc. #56 at 3-5), Defendant sought a refund of the money he claims was illegally applied

to an improperly assessed and invalid TFRP assessments for the tax period ending on September 30, 1991.[1] In these pleadings, Defendant requested that the Court apply these monies to his March 30, 1992 TFRP assessment, which he maintains was validly assessed (Doc. #27 at 15; Doc. #18). After the action was commenced, the government conceded the income tax issues as well as the refund claim to the extent of payments made within two years of Defendant's administrative claim for refund. Thus, at issue is the remaining $27,218.68 that was improperly collected by the IRS, but which falls outside the two year statute of limitations period that applies to tax refund claims. *See* 26 U.S.C. § 6511(a).

Upon cross motions for summary judgment, the Court ruled in favor of the United States with respect to the responsible person penalty for the period ending March 31, 1992 and the portion of the refund claim not conceded (*see* Doc. #77).[2] The Order on summary judgment provided that each party shall bear its own attorney's fees and costs (Doc. #77 at 13).

On March 31, 2009, the Court entered a final judgment in accordance with the Order on summary judgment (Doc. #77) and the government's concession as to the income tax liabilities and the refund claim falling withing the two year statute of limitations period (Doc. #81). Defendant now seeks relief from the Court's judgment or, alternatively, reconsideration or the judgment (Doc. #83). In addition, in a separate filing, Defendant

---

[1]The IRS made these assessments against Defendant in violation of the automatic stay provisions of the Bankruptcy Code. Under 11 U.S.C. § 362(a), a debtor who has filed for Chapter 11 bankruptcy enjoys an automatic stay against actions to enforce, collect, assess or recover claims against the debtor. "It is the law of this Circuit [the Eleventh Circuit] that 'actions taken in violation of the automatic stay are void and without effect.'" White, 466 F.3d at 1244 (*quoting Borg- Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir.1982).

[2]The Court's March 3, 2009 Order on the parties' respective motions for summary judgment (Doc. #77) is hereby incorporated by reference.

requests that the Court award him his costs and attorney's fees since the Court decided the matter without hearing argument by the parties (Doc. #84).

The Federal Rules of Civil Procedure do not specifically provide for the filing of a motion for reconsideration. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992). It is widely recognized, however, that Rule 59(e) encompasses motions for reconsideration. 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE 2d § 2810.1 (2007). In the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy, to be employed sparingly. *United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003). "A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim." *Union Planters Nat. Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982). Nevertheless, the decision to alter or amend a judgment is committed to the sound discretion of the district court. *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

Appropriate circumstances for reconsideration include situations in which the Court has obviously misapprehended a party's position, the facts, or mistakenly has decided an issue not presented for determination. *Anderson v. United Auto Workers*, 738 F. Supp. 441, 442 (D. Kan. 1990). Parties, however, cannot use a Rule 59(e) motion to re-litigate old matters, *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir.2005), or to raise new legal arguments which could and should have been made during the pendency of the underlying motion, *Sanderlin v. Seminole Tribe of Florida*, 243 F.3d 1282, 1292 (11th Cir. 2001).

After summary judgment has been granted, the court has even more reason for refusing to allow amendment. *Union Planters Nat. Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982). "Then, the concerns of finality in litigation become more compelling, and the litigant has had the benefit of a day in court, in some fashion, on the merits of his claim." *Id.* (*citing Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 n. 2 (5th Cir. 1981)).[3]

Here, however, the undersigned finds Defendant's motion for relief from judgment is due to be granted because the Court has misapprehended Defendant's position with respect to an attempt to assert a particular affirmative defense. To illustrate, during the course of the proceedings, Defendant filed two amended answers and affirmative defenses (Docs. #18, and #56). In those pleadings, he asserted a counterclaim, pursuant to 26 U.S.C. §§ 6402(a), 6407, and 6511(a), for either a refund or re-application of monies he claims were wrongfully obtained by way of the void TFRP assessment for the tax quarter ending on September 30, 1991 (*see* Doc. #18 at 8, Counterclaim; Doc. #56 at 3-5, Amended Counterclaim).

On November 7, 2008, Defendant filed a third amended answer and affirmative defenses, which included a second amended counterclaim (Doc. #61). That document, however, was stricken and deleted from the record because it was filed without leave of Court (Doc. #70). Approximately three months later, on February 19, 2009, Defendant re-filed the motion for leave to file a third amended answer and affirmative defenses (Doc. #75). That document included an additional (Fourth) affirmative defense as well as a

---

[3]Decisions of the Fifth Circuit rendered on or before September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

second amended counterclaim that contained a second count (Doc. #75-1 at 4-8). The proposed Fourth affirmative defense stated that Defendant "is entitled to an offset or reduction in any judgment against him for the amounts misappropriated or misapplied to a void assessment" (Doc. #75 at 4). The proposed amendment also included a second count to his counterclaim, which asserted new theories of positive recovery for his claim of refund under the Bankruptcy Code (Doc. #75 at 4-8).

After hearing oral argument on Defendant's third motion to amend (Doc. #75) and the parties' cross-motions for summary judgment regarding the sole remaining issue before the Court at that time (*i.e.* whether Defendant was entitled to an administrative refund for the time period beyond the two year statute of limitations, *supra*) (Doc. #76, Minutes), the Court denied Defendant's motion for leave to amend because it found the proposed amendment would be futile since any claim for a refund under the Bankruptcy Code was time-barred (Doc. #77 at 10-12).

Defendant's proposed third amended answer and affirmative defenses, however, contained an additional (Fourth) affirmative defense (the defense of offset or set-off) which the Court did not specifically address in finding Defendant's proposed amended pleading would be futile (*see* Doc. #77). The Court would note that neither party addressed the proposed Fourth affirmative defense at the hearing, as the parties only argued whether Defendant would be entitled to a positive claim for refund (*see* Doc. #76, Minutes). In his motion for reconsideration or relief from judgment (Doc. #83) (which was timely filed), Defendant cites case law that supports his assertion that he may be entitled to the affirmative defense of offset (or equitable recoupment) of the misapplied funds against any award the government might obtain against him (although he would not be entitled to any

5

positive award against the government).  *See e.g. Bull v. United States,* 295 U.S. 247, 262 (1935); *FDIC v. Hulsey*, 22 F.3d 1472, 1486 (10th Cir. 1994); *United Stated v. Forma*, 42 F.3d 759, 765 (2nd Cir. 1994); *see generally* 3 MOORE, FEDERAL PRACTICE ¶ 13.02, at 13-13 n. 1 (discussing nature of an action for recoupment).

Since the Court did not address this matter when denying Defendant's motion to amend as futile, the Court finds it would be unjust to preclude Defendant from asserting this affirmative defense, which he attempted to assert prior to the Court's entry of summary judgment against him.

Based on the foregoing, it is hereby **ORDERED**:

1. Defendant's motion for reconsideration or relief from judgment from the Court's March 31, 2009 Final Order and Judgment (Doc. #81) is **GRANTED to the extent that** the Court's Final Order and Judgment (Doc. #81) and the Entry of Final Judgment (Doc. #82) are **VACATED**.

2. The Court's Order denying Defendant's third motion to amend his answer and affirmative defenses (Doc. #77) shall be amended **solely to the extent that** Defendant shall now be permitted to assert the Fourth affirmative defense of setoff or equitable recoupment.

3. Since the United States did not directly address the case law cited by Defendant in his motion for reconsideration with respect to the affirmative defense of setoff or equitable recoupment, the **United States shall have until April 30, 2010 within which to address this affirmative defense and its applicability to the case at hand**.

4. To the extent not provided for herein, the Court's prior factual and legal determinations, as set forth in the Court's March 3, 2009 Order, shall remain in full force and effect (Doc. #77).

5. Defendant's motion for administrative costs and attorney's fees (Doc. #84) is **DENIED without prejudice with leave to refile upon the final disposition of the case**.

**DONE AND ORDERED** at Jacksonville, Florida this  31st  day of March, 2010.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge