**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                              CASE NO. 3:06-cv-222-J-TEM

DIETER H. KLOHN,

    Defendant.

_____/

## O R D E R

This matter is before the Court on Defendant Dieter Klohn's ("Defendant") motion for the Court to reduce the judgment obtained against him by applying the doctrine of equitable recoupment, which is contained within his motion for reconsideration or relief from judgment (Doc. #83, Motion). The United States has filed a response in opposition (Doc. #89). For the reasons stated herein, Defendant's Motion shall be **DENIED**.

### I. Background

This is an action by the United States to reduce federal tax liabilities to judgment. In its complaint, the United States alleged that Defendant was liable for: (1) a trust fund recovery penalty ("TFRP") for the period ending September 30, 1991; (2) a TFRP for the period ending March 31, 1992; (3) income tax for 1987; and (4) income tax for 1988 (Doc. #1).

In both his original counterclaim (Doc. #18 at 3-4) and his amended counterclaim (Doc. #56 at 3-5), Defendant sought a refund of monies he claims were illegally applied to an improperly assessed and invalid TFRP for the tax period ending on September 30,

1991.[1] *See* 26 U.S.C. § 7501. In said pleadings, Defendant requested that the Court apply these monies to his March 31, 1992 TFRP assessment, which he maintains was validly assessed (Doc. #27 at 15; Doc. #18). After the action was commenced, the government conceded the income tax issues as well as the refund claim to the extent of payments made within two years of Defendant's administrative claim for refund. Thus, at issue is the remaining $27,218.68 that was improperly collected by the IRS, but which falls outside the two year statute of limitations period that applies to tax refund claims. *See* 26 U.S.C. § 6511(a).

Previously, upon cross motions for summary judgment, the Court ruled in favor of the United States with respect to the responsible person penalty for the period ending March 31, 1992 and the portion of the refund claim not conceded (*see* Doc. #77).[2] On March 31, 2009, the Court entered a final judgment (Doc. #81) in accordance with the aforementioned Order (Doc. #77) and the government's concession as to the income tax liabilities and the refund claim falling within the two year statute of limitations period.

Defendant then sought relief from the Court's judgment or, alternatively, reconsideration of the judgment (Doc. #83). On March 31, 2010, the Court entered an Order which granted Defendant's request to for reconsideration, vacated the final judgment,

---

[1] The Internal Revenue Service ("IRS") made these assessments against Defendant in violation of the automatic stay provisions of the Bankruptcy Code. Under 11 U.S.C. § 362(a), a debtor who has filed for Chapter 11 bankruptcy enjoys an automatic stay against actions to enforce, collect, assess or recover claims against the debtor. "It is the law of this Circuit [the Eleventh Circuit] that 'actions taken in violation of the automatic stay are void and without effect.'" *United States v. White*, 466 F.3d 1241, 1244 (11th Cir. 2006) (*quoting Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir.1982)).

[2] The Court's March 3, 2009 Order on the parties' respective motions for summary judgment (Doc. #77) is hereby incorporated by reference.

and allowed Defendant to assert the defense of equitable recoupment (Doc. #88 at 6).[3]

In the instant motion (Doc. #83), Defendant cites case law in support of his assertion that he may be entitled to the affirmative defense of offset (or equitable recoupment) of the misapplied funds against any award the government might obtain against him. *See e.g. Bull v. United States,* 295 U.S. 247, 262 (1935); *FDIC v. Hulsey*, 22 F.3d 1472, 1486 (10th Cir. 1994); *United Stated v. Forma*, 42 F.3d 759, 765 (2nd Cir. 1994); *see generally* 3 MOORE, FEDERAL PRACTICE ¶ 13.02, at 13-13 n. 1 (discussing nature of an action for recoupment).

Since the United States did not directly address the case law cited by Defendant in his motion for reconsideration regarding the affirmative defense of setoff or equitable recoupment, the Court provided the United States an opportunity to respond in order to discuss the applicability of the equitable recoupment doctrine, if any, to the case at hand (Doc. #88 at 6). On April 19, 2010, the United States filed a response opposing the Motion (Doc. #89).

## II. Discussion

Defendant seeks a refund of monies he claims were applied to an improperly assessed and void TFRP assessment for the tax period ending on September 30, 1991 by way of the affirmative defense of equitable recoupment espoused in the Supreme Court case of *Bull v. United States*, 295 U.S. 247 (1935). Defendant requests that the Court apply these monies, which constitute $27,218.68, to his validly assessed March 31, 1992 TFRP assessment (Doc. #83).

---

[3] The facts and conclusions set forth in the Court's March 31, 2010 Order (Doc. #88) are hereby incorporated by reference.

Title 26, United States Code, Sections 3102(a) and 3402(a) require an employer to deduct and withhold income and social security taxes from the wages paid to its employees. Title 26 further provides that withheld taxes shall be held by the employer as a special trust fund for the benefit of the United States. 26 U.S.C. § 7501. Such monies are commonly referred to as "trust funds" because the withheld taxes are for the exclusive use of the United States and are not to be used to pay the employer's business expenses, including salaries, or for any other purpose. 26 U.S.C. §§ 3102(b), 3403, and 7501(a). Once the federal income and social security taxes are withheld from employees' wages, the United States is required to credit the amount withheld against the employees' individual income tax liabilities, regardless of whether such taxes are actually paid to the United States and even though the credits may result in refunds to the employees. 26 U.S.C. § 31(a); Treas. Reg. § 1.31-1(a); see *Slodov v. United States*, 436 U.S 238, 243 (1978).

Under 26 U.S.C. § 6672 a one hundred percent penalty is assessed against any individual deemed to be a person responsible for collecting, truthfully accounting for, and remitting the unpaid employment taxes. Although it is characterized as a one hundred percent penalty, the actual amount assessed is merely equal to the amount owed under the trust. Therefore, in essence, the penalty is a collection method. By shifting liability from the employer as a whole to the individual who was responsible for remitting the withheld taxes, the government attempts to ensure payment by attaching personal liability to the debt. *See Lynn v. Scanlon*, 234 F. Supp. 140, 144 (E.D.N.Y. 1964).

Defendant is a entrepreneur who owned two steel companies in Boston, Massachusetts, before going bankrupt in 1992 and moving to Jacksonville, Florida (Doc.

#23-2 at 89-97). Defendant was the president and one hundred percent owner of KSK Engineering Corporation ("KSKEC") and he was the president and seventy percent owner of KSK Steel Erector Company ("KSKSEC") (Doc. #23-2 at 89-97). This Court found that (with respect to both companies) Defendant was responsible for collecting, truthfully accounting for, and remitting the unpaid employment taxes that are the subject of this litigation (Doc. #48, Order).[4]

In this instance, Defendant seeks to apply the doctrine of equitable recoupment to a situation not contemplated by *Bull*, *supra* (*i.e.*, two separate transactions: (1) a TFRP arising from the operation of KSKSEC in 1991; and (2) a TFRP tax arising from the operation of an entirely different entity, KSKEC, during 1992). It should be noted that the *Bull* doctrine is extremely narrow. In *Bull*, the IRS assessed a deficiency against the estate of a decedent for income tax for the period from the date of death to the end of the year 1920. 295 U.S. at 251-53. The executors paid the deficiency but filed a claim for refund on the theory that the sum earned was *corpus* of the estate and not income. *Id*. The inconsistent payment of estate tax for the same year was allowed to be set off against the income tax deficiency. *Id*. at 263. The demanded payment of this income tax was regarded as a new proceeding arising out of the same transaction involved in the earlier proceeding. *Id*. at 261-63. The Court said that had the government brought an action at law in 1925, instead of assessing a deficiency, the defense of the overpaid estate tax would have been good, even if an independent suit for recovery of the estate tax was barred, and that, "this is because recoupment is in the nature of a defense arising out of some feature

---

[4]The facts and conclusions set forth in the Court's Order (Doc. #48) are hereby incorporated by reference.

of the transaction upon which the plaintiff's action is grounded.  Such a defense is never barred by the statute of limitations as long as the main action itself is timely."  *Id.* at 262.

In its decisions subsequent to *Bull*, the Supreme Court has emphasized that a claim for equitable recoupment will lie only where the government has taxed a single transaction, item, or taxable event under two inconsistent theories.  *Rothensies v. Electric Storage Battery Co.*, 329 U.S. 296, 299-300 (1946).  In *Rothensies*, the Court stated equitable recoupment "has never been thought to allow one transaction to be offset against another, but only to permit a transaction which is made subject of suit by a plaintiff to be examined in all its aspects, and judgment to be rendered that does justice in view of the one transaction as a whole."  *Id.* at 299.  In *U.S. v. Dalm*, 494 U.S. 596, 607 (1990), the Supreme Court stated that a party litigating a tax claim in a timely proceeding may, in that proceeding, seek recoupment of a related, and inconsistent, but now time barred tax claim relating to the same transaction.

Applying the *Bull* doctrine to the present case, Defendant is not entitled to any setoff by virtue of the doctrine of equitable recoupment.  The liabilities at issue are separate and distinct, and arose from the operation of two different corporations.  The United States has not taken an inconsistent position with respect to the amount of tax due and owing on a single transaction, nor has it subjected Defendant to double taxation on a single transaction.  Defendant asks this Court to expand the doctrine of equitable recoupment beyond what any court has ever done, and the Court declines to do so.

### III. Conclusion

Based on the foregoing, it is hereby **ORDERED**:

1. Defendant's motion for the Court to reduce the judgment obtained against him by applying the doctrine of equitable recoupment, which is contained within his motion for reconsideration or relief from judgment (Doc. #83), is **DENIED**.

2. As interest continues to accrue against Defendant, the United States shall update the amount it claims Defendant now owes pursuant to the validly assessed 1992 TFRP assessment. The Court requires an updated amount so that it may enter a correct Final Order and Judgment.

3. The United States shall submit the aforementioned updated amount to the Court by **May 20, 2011**.

4. Thereafter, Defendant shall have until **May 31, 2011** within which to file any objection(s).

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of May, 2011.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge