**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                        CASE NO. 3:06-cv-222-J-TEM

DIETER H. KLOHN,

      Defendant.

_____/

**O R D E R**

This matter is before the Court on Defendant Dieter Klohn's ("Defendant") motion (Doc. #93) for the Court to reconsider its May 6, 2011 Order (Doc. #90)[1] denying his previous motion for reconsideration (Doc. #83). The United States has filed a response in opposition (Doc. #94). For the reasons stated herein, Defendant's Motion shall be **DENIED**.

By way of the instant motion, Defendant seeks a second bite at the proverbial apple. Defendant asks this Court to reconsider its order on reconsideration (Doc. #93 at 1). This request contravenes the policy of judicial economy and inhibits the goal of finality. As noted by Defendant, reconsideration is an extraordinary remedy, to be employed sparingly. *United States v. Bailey*, 288 F. Supp. 2d 2161, 1267 (M.D. Fla. 2003). "A busy District Court need not allow itself to be imposed upon by the presentation of theories seriatim." *Union Planters Nat. Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982).

---

[1] The facts and conclusions set forth in the Court's May 6, 2011 Order (Doc. #90) are hereby incorporated by reference.

In its May 6, 2011 Order (Doc. #90), the Court made the following determination:

Applying the [*Bull v. United States*, 295 U.S. 247 (1935)] doctrine to the present case, Defendant is not entitled to any setoff by virtue of the doctrine of equitable recoupment. The liabilities at issue are separate and distinct, and arose from the operation of two different corporations. The United States has not taken an inconsistent position with respect to the amount of tax due and owing on a single transaction, nor has it subjected Defendant to double taxation on a single transaction. Defendant asks this Court to expand the doctrine of equitable recoupment beyond what any court has ever done, and the Court declines to do so.

(Doc. #90 at 6).

In its decisions subsequent to *Bull*, the Supreme Court has emphasized that a claim for equitable recoupment will lie only where the government has taxed a single transaction, item, or taxable event under two inconsistent theories. *Rothensies v. Electric Storage Battery Co.*, 329 U.S. 296, 299-300 (1946). In this case, the government has not applied two inconsistent theories to any **single transaction**, item or taxable event. To the contrary, the undersigned finds each assessment for KSK Engineering Corporation and KSK Steel Erector Company ("KSKSEC") stands on its own. Even the deposition of Revenue Officer, Rod Wills, which Defendant attaches in support of his motion, indicates as much. Specifically, when asked if the assessments in question "would still be only one assessment, correct?" Revenue Officer Wills stated: "I believe there were two assessments in this case because there were two different companies [*i.e.*, KSK Engineering Corporation and KSKSEC]" (Doc. #93 at 30). When pressed about whether he believed such was the case or if he knew, Revenue Office Wills stated: "That's what my research indicates" (Doc. #93 at 30).

Defendant additionally maintains that he "had no opportunity to dispute the Government's version of facts or argument through a Sur-Reply or otherwise" (Doc. #93

at 1 n. 1).   This argument is unavailing for two reasons.   First, the Court ordered the government to file an additional response because it did not address Defendant's equitable recoupment argument in its initial response in opposition (Doc. #88 at 6).   Second, the initial motion for reconsideration (Doc. #83) was pending for one year.   Defendant was free to file a motion for leave to file a sur-reply brief during this time period; however, he chose not to.

Based on the foregoing, it is hereby **ORDERED**:

Defendant's second motion for reconsideration (Doc. #93) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of July, 2011.

Copies to all counsel of record

*Thomas E. Morris*

**THOMAS E. MORRIS**
United States Magistrate Judge